IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JENNIFER L. BAKER                                                            PLAINTIFF

V.                                                         CAUSE NO. 1:18-CV-18-SA-DAS

CITY OF TUPELO, MISSISSIPPI                                     DEFENDANT

ORDER

Now before the Court is the Plaintiff's unopposed Motion [55] in *Limine*, asking the Court to exclude certain evidence at trial.

*Discussion & Analysis*

"The purpose of a motion in *limine* is to call the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512 *1 (N.D. Miss. February 13, 2015) (citations omitted). "Evidence should not be excluded in *limine* unless it is clearly inadmissible on all potential grounds." *Id*. Baker requests that the Court limit the use of three evidentiary references: (1) any evidence that Baker is Buddhist; (2) any postings on social media in which she appears partially nude; and (3) any evidence that Baker has been called or referred to herself as a "Buddhist cop." Baker argues that the proposed evidence is not relevant under Rule 401 and if used, would prejudice the jury under Rule 403. The Plaintiff also argues that the admission of evidence related to her religious beliefs is prohibited under Rule 610.

Rule 401 states that "evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FED. R. EVID. 401. This is not a religious discrimination case; this employment discrimination action does not call into question her religious beliefs and such belief has no

plausible connection to any of the evidence already in the record. In addition, the Court is not persuaded that this evidence is needed or consequential in proving any element of Baker's employment claims. The same is true for social media postings of herself as partially nude. As such, the Court finds that the evidence is not relevant and should be excluded from trial.

Rule 403 requires first a finding that the evidence is relevant before it can be applied. The rule states "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." FED. R. EVID. 403. Because the Court previously made a finding that the evidence is not relevant, the Rule 403 balancing test is not necessary.

Rule 610 states that "evidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility." FED. R. EVID. 610. Because evidence of Baker's religion would not aid in proving the substance of her case, the only possible or potential use is to attack or support her credibility. As such, Rule 610 demands exclusion of this evidence.

*Conclusion*

For all the reasons stated above, and because the request is unopposed by the Defendant, the Plaintiff's Motion [55] *in Limine* is GRANTED and the above cited evidence is excluded from admission at trial.

It is SO ORDERED on this the 13th day of August, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE