**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**JENNIFER L. BAKER**                                                                           **PLAINTIFF**

**VS.**                          **CIVIL ACTION NO. 1:18-cv-00018-SA-DAS**

**CITY OF TUPELO, MISSISSIPPI**                                    **DEFENDANT**

**MOTION TO VACATE CLOSURE ORDER
AND FOR TRANSCRIPT OF TESTIMONY**

COMES NOW, Journal Publishing Company, publisher of the *Northeast Mississippi Daily Journal* (hereinafter "Journal") and moves the Court to vacate its order closing the jury trial in the above-styled and numbered matter to the public and for a copy of the transcript of the testimony of Jay Marshall adduced at said jury trial on October 17, 2019, and says:

On October 17, 2019, Jay Marshall was called by the Plaintiff as an adverse witness during the jury trial of the above-styled and numbered cause. During the Plaintiff's initial examination of said witness the Defendant objected to the line of questioning that called into question the credibility of Marshall based on alleged threats made to the witness by another employee of the City of Tupelo Police Department. The Court initially excused the jury and proceeded to hear a proffer of the proposed testimony in order to make a determination as to its relevance and admissibility.

In the course of the proffer, the Defendant's counsel called the Court's attention to the public, including a reporter for the Journal, who had remained in the Courtroom. After initially requesting members of the public to refrain from discussing the testimony that had been adduced during the proffer, the Court closed the trial to the public over the objection of

the reporter for the Journal. The Journal later learned that the trial resumed with the testimony of Jay Marshall with the jury present, but the trial still closed to the public.

Although this matter has now been dismissed by reason of settlement, it can reasonably be expected that similar situations may occur in the future and the issue presented is therefore one which is "capable of repetition, yet evading review" and so is properly before this Court for the relief requested. *Globe Newspaper Company v. Superior Court of Norfolk County*, 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982), 102 S.Ct. at 2614-2615. In addition, the status of the case as being dismissed does not affect the movant's request for the transcript of the testimony taken in the closed proceeding.

While a Court has discretion to seal records and close proceedings to the public, that discretion should be exercised with caution and only with strong justification, being mindful of the public nature of our judicial proceedings. *In re Sealing and Non-Disclosure of Pen/Trap/2703(d) Orders,* 562 F.Supp.2d 876, 894 (S.D. Texas, 2008).

The right to public access "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *United States v. Holy Land Foundation for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)).

Public confidence in the courts is the issue: How can the public know that courts are deciding cases fairly and impartially if the public doesn't know how such decisions are being reached? *In re Hearst Newspapers, L.L.C.*, 641 F.3d 168, 179 (5th Cir. 2011) (discussing the need for "openness" of court proceedings in the criminal context); *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008) (noting same interest for attorney's fee dispute in civil case).

Sealing a record undermines that interest, but shutting the courthouse door poses an even greater threat to public confidence in the justice system. *BP Exploration & Production, Incorporated v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019). "Open trials assure the public that procedural rights are respected, and that justice is afforded equally. Closed trials breed suspicion of prejudice and arbitrariness, which in turn spawns disrespect for law." *Id.*, citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 595, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980) (Brennan, J., concurring).

Public concerns are especially significant when considering whether to prevent disclosure of litigation matters that involve a government party. "The public's interest is particularly legitimate and important where ... at least one of the parties to the action is a public entity or official." *Cruz v. City of Hammond*, 2015 WL 1525758, *2 (E.D. La., April 2, 2015), *Beckett v. Serpas*, 2013 WL 6502847, *3-4 (E.D. La., Dec. 11, 2013), *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 784 (3d Cir.1994); accord, *Arnold v. Pa. Dep't of Transp.*, 477 F.3d 105, 111 (3d Cir.2007) (citing *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir.2005)); *Marcus v. St. Tammany Parish Sch. Bd.*, No. 95–3140, 1997 WL 313418, at *5 (E.D. La. June 9, 1997). Moreover, privacy interests are diminished when the party seeking protection is a public person subject to legitimate public scrutiny – in this case the credibility of a police officer listed as a witness by the Defendant. The public has a substantial interest in the integrity or lack of integrity of those who serve them in public office. *Pansy*, 23 F.3d at 787; accord *Marcus*, 1997 WL 313418, at *5.

In the instant case, the only justification for closing the trial testimony of Marshall to the public was that it might involve matters that would be "uncomfortable". At a minimum, the Court should have set forth findings that supported justification for the closing of a public trial involving public officials to the public. It is respectfully submitted that such

3

justification was not present in this case and a complete transcript of Marshall's testimony should be made available and the order closing the trial should be vacated.

WHEREFORE, PREMISES CONSIDERED, the movant, Journal Publishing Company, publisher of the *Northeast Mississippi Daily Journal,* respectfully asks the Court to vacate its order closing the jury trial in the above-styled and numbered matter to the public and that the Court provide a copy of the transcript of the complete testimony of Jay Marshall adduced at said jury trial on October 17, 2019

Respectfully submitted,

\_\_/s/ Thomas A. Wicker_____
THOMAS A. WICKER, MSB # 7182

HILLEN, WICKER & TAPSCOTT, P.A.
P.O. Drawer 409
Tupelo, MS 38802-0409
Phone: (662) 842-1721
Fax: (662) 844-6413
*Attorneys for the Movant,*
*Journal Publishing Company,*
*d/b/a Northeast Mississippi Daily Journal*

### CERTIFICATE OF SERVICE

I, Thomas A. Wicker, do hereby certify that I have this day served a true and correct copy of the above and foregoing pleading via the Court's CM/ECF System.

This, the 18th day of October, 2019.

\_s/Thomas A. Wicker_____
THOMAS A. WICKER