IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JENNIFER L. BAKER                                                                  PLAINTIFF

V.                                                     CIVIL ACTION NO. 1:18-CV-18-SA-DAS

CITY OF TUPELO, MISSISSIPPI                                       DEFENDANT

ORDER AND MEMORANDUM OPINION

Journal Publishing Company, a non-party to this case, filed a post-trial Motion to Vacate Closure and for Transcript [74] asking the Court to lift its order excluding the public from the courtroom during the testimony of Officer Jay Marshall and enjoining the media from publishing any story related to said testimony. Both the Plaintiff and Defendant filed a response to the Journal's Motion [74]. The issues are fully briefed and ripe for review.

*Factual and Procedural Background*

Jennifer Baker filed suit against the City of Tupelo, Mississippi for allegedly retaliating against her and firing her for discriminatory reasons. During trial, the Plaintiff called Officer Jay Marshall and in an effort to expose Marshall's bias for the Tupelo Police Department, the Plaintiff attempted to elicit testimony related to Captain Tim Bell's interactions with Marshall's wife, the Assistant to the Police Chief. Defense Counsel objected and asked the Court to exclude the testimony because it was not relevant and was prejudicial to Marshall and the Defendant. After a bench conference with the attorneys, the Court decided to hear proferred testimony outside the presence of the jury in order to ascertain the relevance of the proffered testimony. At that time, there were three individuals in the courtroom gallery including a journalist from the *Daily Journal*. The *Daily Journal* is published by the movant.

After hearing the proffered testimony, the Court ruled that it was relevant. However, based on the unsupported allegations that Marshall's wife and Bell were having an affair, the Court ordered the press and public to refrain from publishing the scandalous information and asked them to leave the courtroom until Marshall's testimony was complete. The Journalist objected to the Court's order on the record.

One day after the suit was dismissed by reason of settlement, the Journal filed its Motion to Vacate Closure [74] asking the Court to lift its order prohibiting the press and public from publishing any story related to Marshall's testimony and its closure of the Courtroom during his testimony.

*Analysis and Discussion*

The Journal argues that while it is in the discretion of the Court to seal records and close proceedings to the public, the Court's stated reason does not satisfy strict scrutiny. The Plaintiff concurs adding that prohibiting the journalist from reporting on Marhsall's testimony is an unconstitutional prior restraint on speech and must be lifted in order to comply with the First Amendment.

The City of Tupelo makes two adverse points: (1) the Journal's Motion [74] is improper because it failed to intervene under Rule 24(b)(2)[1] in order to assert a right to access court records which are under seal; and (2) the compelling interest of guarding the family and reputation of the Jay Marshall from unsupported claims of infidelity against Marshall's wife is narrowly tailored to serve a privacy interest.

---

[1] The Defendant mentions in a footnote in its response that non-parties must typically seek to intervene pursuant to Rule 24(b)(2) of the Federal Rules of Civil Procedure in order to assert a right to access court records which are under seal. Rule 24(b)(2) applies to permissive intervention by a Government Officer or Agency and thus not applicable here.

The right of access to trial is embodied in the First Amendment. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 558-81, 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980). "The First Amendment serves to ensure that the individual citizen can effectively participate in and contribute to our republic system of self-government." *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 603, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982).

This Court takes seriously the sacred individual rights granted to citizens by our United States Constitution. Incumbent in those rights, as interpreted by the Supreme Court, is the right to experience and observe criminal and civil trials. Historically, "trial has been open to all who care to observe." *Richmond Newspapers, Inc.*, 448 U.S. at 564, 100 S. Ct. 2814. "The historical evidence demonstrates conclusively that at the time when our organic laws were adopted, trials both here and in England had long been presumptively open." *Id* at 569. Open trials "gave assurance that the proceedings were conducted fairly to all concerned, and it discouraged perjury, the misconduct of participants, and decisions based on secret bias or partiality."

Access to trial, though, is not absolute. *See Richmond Newspaper, Inc.,* 448 U.S. at 581, n. 18, 100 S. Ct., at 2830. "The circumstances under which the press and public can be barred from a trial are limited" and "the State's justification in denying access must be a weighty one." *Globe Newspaper Co.,* 457 U.S. at 607, 102 S. Ct. 2620. The court's justification must be narrowly tailored to a compelling governmental interest. *Id*.

In this case, at the time the Court received the proffered testimony by Jay Marshall, the Court was mostly concerned with the affect said testimony, if published, would have on Marshall's children, extended family, and associates. The Court noted the unsubstantiated nature of the information and decided that it was only relevant to expose Marshall's bias, but not to prove the elements of the Plaintiff's case-in-chief. While the Court believes its concern about the privacy of

Marshall's family remains legitimate, the Court acknowledges that its stated reason for closing trial to the public is not narrowly tailored to a compelling governmental interest. In *Globe Newspaper Company*, the court closed trial to the public because the trial involved a minor who was brutally raped. *Id.* Even considering the private and sensitive nature of such proceedings, the United States Supreme Court found that although the states interest in protecting the privacy of the minor was compelling, it was not narrowly tailored to a compelling governmental interest. *Id*. Thus, the Court lifts its order excluding the public from trial during the testimony of Jay Marshall.

The Court also entered an order from the bench prohibiting the journalist from publishing stories relating to Marshall's proffered testimony. In light of the Court's rationale discussed above, the Court lifts its order prohibiting the movant from publishing content and testimony given at trial. Because the accompanying trial transcript was never officially sealed on the docket, the trial transcript is available electronically and may be requested through the typical channels Northern District of Mississippi's Clerk's office.

*Conclusion*

For all the reasons discussed, the Journal's Motion [74] is GRANTED.

SO ORDERED this the 22nd day of November, 2019.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE